**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JANICE GILARD-JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1426 JSD |
| ) | |
| DIERBERGS BRENTWOOD POINTE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented plaintiff Janice Gilard-Jones' motion to proceed in forma pauperis. After reviewing plaintiff's financial information, the Court will grant plaintiff's motion. However, plaintiff will be required to amend her complaint on a court-provided form within twenty-one (21) days from the date of this Memorandum and Order. Plaintiff's failure to do so will result in dismissal of this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Janice Gilard-Jones filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* on November 7, 2023. She brings this action against her former employer, Dierbergs at Brentwood Pointe, alleging race and color discrimination, as well as retaliation, harassment and termination of her employment. Plaintiff also sues for disability discrimination under the Americans with Disabilities Act (ADA) of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for Dierbergs' failure to

accommodate her alleged disability. Last, plaintiff sues for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621, *et seq*.

Plaintiff claims that on an unnamed date in 2022[1], she got ill during her shift at Dierbergs, and as a result, 911 had to be called. After plaintiff was transported to the hospital and she was examined, she was later placed on restrictions for work by her doctor. However, when she was released to return to work on an unnamed date, she clocked in for her shift and was told by her manager Nancy Ann she could not begin work until she spoke to the Assistant Director Ms. Lindsay. Ms. Lindsay allegedly told plaintiff that Dierbergs had no work for her, and that she was required to clock out by instruction of the corporate office. According to plaintiff, Dierbergs did not have to accommodate her unnamed disability unless it had to do with a work injury. At that time, plaintiff states that she was working the position of UScan. And when she called a corporate associate about the issue, she was told they would "get back to [her]."

Plaintiff had her husband pick her up from work that day, and after that time, she kept attempting to reach the person at corporate. However, when she finally reached the unnamed individual she was told that "after speaking with her boss, that [D]ierbergs could not accommodate [her] with her doctor[']s restriction and request…" Plaintiff claims she tried to tell the individual at corporate that she was doing UScan, and with her restrictions she could continue to do so. However, plaintiff was told that Dierbergs could not allow her to do that because they didn't have a cashier that was allowed only to work at UScan because it was a self-serve lane. Plaintiff claims that the Brentwood Store did have a cashier that was allowed to work at UScan, which she knew because she was a shop steward for the store.

---

[1]Because plaintiff has failed to indicate the date of the alleged discrimination, i.e., the date she was constructively discharged, or the date that Dierbergs allegedly failed to accommodate her disability, the Court is unable to ascertain whether plaintiff filed her Charge of Discrimination within the 300-day time period. *See Holland v. Sam's Club,* 487 F.3d 641, 643 (8th Cir. 2007) (quoting 42 U.S.C. § 2000e-5(e)(1)).

Plaintiff claims that anytime she called the store manager at Dierbergs in Brentwood, who was named Wendell, to see when she would be allowed to return to work, she was told that they were waiting to hear from corporate. However, at some unknown point, plaintiff was told by either Wendell or another unnamed person that corporate said Brentwood would not be putting her back on the schedule.

Plaintiff claims she was never given an official letter of termination. Rather, she was simply told by Aaron from corporate that she would not be put back on the schedule. Plaintiff asserts that they[2] knew when she started that she was in remission from cancer. However, she has not articulated what alleged disability she was suffering from that took her to the hospital on an undisclosed date or caused her work restrictions at Dierbergs.

Plaintiff seeks monetary damages.

## Discussion

Plaintiff Janice Gilard-Jones filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, on November 7, 2023. She brings this action against her former employer, Dierbergs at Brentwood Pointe, alleging race and color discrimination, as well as retaliation, harassment and termination of her employment. Plaintiff also sues for disability discrimination under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.,* for Dierbergs' failure to accommodate her alleged disability. Last, plaintiff sues for age discrimination in her employment pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* Because her complaint lacks several essential elements, the Court will require her to amend her pleading.

---

[2]Plaintiff does not articulate who "they" is within the body of her complaint.

4

First, because plaintiff has not included a Charge of Discrimination with her complaint, the Court is unable to ascertain if plaintiff has fully exhausted her administrative remedies with respect to her claims. Title VII requires that an administrative claim be filed and resolved prior to bring a judicial action on the same claim. *See Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) In other words, the claims plaintiff asserts in the instant federal complaint must be like or reasonably related to the claims outlined in her charge of discrimination, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

Second, because plaintiff has included all her claims within the same paragraph within her "Statement of Claim," the Court is unable to ascertain if her Title VII claims include her termination of employment, retaliation and harassment claims or if these claims should be included within her ADEA claims or ADA claims. Plaintiff may, of course, plead alternative theories for relief. In other words, if she wishes to plead retaliation under Title VII, the ADA and the ADEA, she may do so. However, she must make it clear in her amended complaint. Plaintiff's claims, however, must match the claims within her Charge of Discrimination.

Third, although plaintiff claims race and color discrimination in this action, she has failed to articulate her race and/or color within the body of her complaint. To allege a race discrimination claim, plaintiff must allege that she is a member of the protected class, she was meeting the employer's legitimate job expectations, she suffered an adverse employment action and was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't. of Corr. Servs.,* 728 F.3d 800, 804 (8th Cir. 2013). Thus, not only must plaintiff articulate in her amended complaint what her race and color are, how she was racially discriminated against, and how she believes she was meeting the employer's legitimate

job expectations, but she should also articulate in her amended complaint how she believes she was treated differently than those who were not of her same race but were not terminated for acting similarly.

Last, plaintiff has not alleged what purported disability she was suffering from that caused the alleged work restrictions at Dierbergs. She has also not articulated what accommodations she sought from Dierbergs, which she believes Dierbergs failed to accommodate, and who she sought the accommodations from and when. Plaintiff has also not identified whether others at Dierbergs were given accommodations who were in similar positions to her.

For these reasons, plaintiff will be required to amend her complaint on a court-provided form for filing an employment discrimination action. Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure in preparing her complaint. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief plaintiff seeks for the claim (for

6

example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, race, religion, color, disability, etc. As noted above, if she believes she was discriminated against based on her race, she must note her race on the face of her amended complaint.

Plaintiff must also attach a complete copy of her EEOC Charge of Discrimination. This document will be considered a part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c). The Court will direct the Clerk of Court to provide plaintiff with another Employment Discrimination Complaint form, and plaintiff will have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order.  Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier filed complaints in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.  A claim must survive § 1915 review for plaintiff to proceed in this lawsuit.

7

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a court-form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, within twenty-one **(21) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach her amended complaint a copy of her EEOC Charge of Discrimination.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file her amended complaint, in compliance with this Court's Order, this case will be dismissed, without prejudice.

Dated this 14th day of December, 2023.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE